**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KELLY D. COWAN,
<u>Plaintiff-Appellant,</u>

v.

COONEY AND CONWAY, P.C.; COONEY
& CONWAY; ROBERT COONEY, Esq.;
MARK E. BECKER, Esq.,                     No. 98-2252
<u>Defendants & Third-Party</u>
<u>Plaintiffs-Appellees,</u>

and

DAVID A. VESEL, P.A.,
<u>Third-Party Defendant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-97-244-5-BR)

Argued: May 18, 1999

Decided: June 14, 1999

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Alan Vesel, DAVID A. VESEL, P.A., Raleigh,
North Carolina, for Appellant. Christopher George Smith, SMITH,

ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P., Raleigh, North Carolina, for Appellees. **ON BRIEF:** John D. Madden, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P., Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kelly Cowan sued her former lawyers, defendants Robert Cooney and Cooney & Conway, for legal malpractice. She alleged that they failed to prosecute her medical malpractice claim against two doctors and allowed the statute of limitations on that claim to expire. The defendants moved to dismiss, contending that they were not liable because Cowan's medical malpractice claim was barred by a class action settlement involving the medical device that allegedly caused her injury. The district court agreed and dismissed Cowan's suit against her former lawyers for failure to state a claim. Cowan now appeals, and we affirm.

I.

In January 1991 Cowan underwent a spinal fusion operation performed by Dr. David Fajgenbaum. This operation involved the use of an experimental medical device, the pedicle screw, which was manufactured by AcroMed Corporation. The surgery was not successful, so Cowan underwent a second operation in February 1993. This operation was performed by Dr. Lee Whitehurst, who also used the AcroMed pedicle screws. The second operation also failed.

In April 1994 Cowan retained the defendants to represent her in a lawsuit against AcroMed, the two doctors, and several other parties. However, after Cowan concluded that her lawyers had not taken steps

2

to file an action on her behalf, she dismissed them and hired new counsel, David A. Vesel, in the Spring of 1995. By this time the statute of limitations had expired on Cowan's claim against Dr. Fajgenbaum. Her new lawyer also determined that the claim against Dr. Whitehurst was not legally viable.

In the meantime, many other lawsuits were filed across the country alleging injuries caused by pedicle screws. The federal lawsuits were consolidated in the district court for the Eastern District of Pennsylvania. See In re: Orthopedic Bone Screw Products Liability Litigation, MDL Docket No. 1014 (E.D. Pa.). That court issued Pretrial Order No. 1117, approving a class action settlement involving recipients of the AcroMed pedicle screw. It is undisputed that Cowan was a member of the settlement class. Pretrial Order No. 1117 permanently enjoined class members from bringing claims related to the AcroMed pedicle screws, with only limited exceptions. Specifically, the order provided that members of the settlement class:

> may not initiate, assert, or prosecute Orthopedic Bone Screw related claims, unless: (a) the claim is in the nature of a claim for alleged independent medical malpractice against any physician who treated the Settlement Class Member . . . and (b) the claim does not (i) rest in whole or in part on any product liability-related theory of recovery, including without limitation design or manufacturing defect, the regulatory status of any AcroMed Orthopedic Bone Screw, or alleged failure to warn, nondisclosure, or inaccurate or incomplete disclosure, of the regulatory status of any AcroMed Orthopedic Bone Screw or (ii) have as an element of the claim financial relationships with AcroMed . . . .

II.

Pretrial Order No. 1117 barred all claims related to the use of AcroMed pedicle screws, except those alleging independent medical malpractice by doctors. We have reviewed the record, and we cannot find that Cowan has made any allegations of medical malpractice independent of her claim involving the AcroMed pedicle screws. Therefore, under the terms of the Pretrial Order, Cowan's claim against Doctors Fajgenbaum and Whitehurst was barred. As a result,

3

Cowan failed to state a claim for legal malpractice against the defendants for their failure to prosecute the barred claim. We therefore affirm the judgment of the district court.*

AFFIRMED

_____

*The defendants filed a third-party complaint against Cowan's new lawyer, Vesel, claiming that they were entitled to contribution from Vesel if they were found to be liable to Cowan for failing to prosecute an action for her. The defendants contended that the statute of limitations had not run as to some of Cowan's claims when she retained Vesel and that Vesel himself was therefore negligent in failing to prosecute a case. The district court's order dismissing Cowan's complaint against the defendants indicates that the third-party complaint was to be voluntarily dismissed. Nevertheless, Vesel argues to us that the district court erred in denying his motion (made earlier in the litigation) to dismiss the third-party complaint on the merits. Regardless of the procedural posture of the third-party complaint, we need not deal with its merits. Because we have affirmed the judgment dismissing the underlying complaint, any issue relating to the third-party complaint is moot.